IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES P. VICK                                                                                           PLAINTIFF

v.                           Civil No. 06-3067

C.E. "CHUCK" MEDFORD,
Sheriff, Carroll County, Arkansas;
LT. BETH REELY; SGT. ROB
McGEE; OFFICER MARK LOTT;
OFFICER MICHAEL BROWN;
OFFICER DEBBIE PRICE;
OFFICER DAVE HENDERSON;
OFFICER KEVIN DISHEROON;
DEPUTY JOHN RAINS; DEPUTY GREG
NOFSTGER; JIMMY KEELAND;
DARRELL "PETE" MOSS; CAPTAIN
TRUMBLE; RALPH GORDON;
JODY SUCHLAND; FORMER OFFICER
L. WINTERCORN; PORTIA HILL;
AMANDA LAKE; JASON HUNT;
ALAN HOOS; OFFICER LISA ADAMS;
and DEPUTY JOHN DENIZE                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

James P. Vick, currently an inmate in the Cummins Unit of the Arkansas Department of Correction, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 23, 2006. He proceeds pro se and in forma pauperis.

On March 16, 2007, the plaintiff filed a motion for preliminary injunction (Doc. 52). The motion for preliminary injunction is now before the undersigned for report and recommendation.

## BACKGROUND

According to the allegations of the complaint, Vick's rights were violated while he was incarcerated at the Carroll County Detention Center. Specifically, he alleges he was forced to

strip naked and was placed in an isolation cell without being afforded a disciplinary hearing. Vick maintains the isolation cell was dark, damp, and cold; had ice on the walls; had no running water; he was provided with no toiletries; and he had no bedding. Vick maintains he was in this cell without food for over twelve hours.

Following this incident, Vick maintains he was placed in an observation cell with another inmate who was dressed in nothing but a velcro vest. Vick indicates the observation cell had only one bed, was cold, and dark, and had a toilet that frequently flooded. Vick asserts he was not allowed to shower, brush his teeth, have pen or paper, see visitors, have a Bible, read mail, receive phone calls, or have recreation time. In addition, he maintains he went without toilet paper for four days, was only allowed to mop the cell floor once, and was not allowed to file grievances. Vick asserts he witnessed an officer spitting in inmates' food, was ordered to cut inmates' food portions in half, was physically abused by Officer Dave Henderson, was forced to strip in front of a female dispatcher, was forced to handle evidence in active cases, and was forced to perform the duties of a jailer.

## DISCUSSION

In his motion for preliminary injunction, Vick asks for the court's assistance in retrieving evidence from the Arkansas Department of Correction (ADC). The evidence in question is a cassette tape which Vick indicates contains a recorded statement he gave to Ralph Gordon on December 29, 2003. Plaintiff states it is imperative that he have enough time to "monitor and review" the tape.

...

Plaintiff has attached to his motion an ADC form that indicates one Sony Cassette Tape was confiscated from Vick on February 26, 2007. The form indicates the "contraband" was returned to the mailroom.

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

In this case, it is clear Vick is not entitled to injunctive relief against the ADC. The ADC is not a party to this lawsuit and neither it, nor any of its officers or employees, are alleged to have been involved in anyway in the incidents at issue in this case. Rule 65(d) provides that an injunction or restraining order is "binding only upon the parties . . . their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P.

AO72A
(Rev. 8/82)

65(d). *See also Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Services*, 364 F.3d 925, 933 (8th Cir. 2004). Moreover, Vick is seeking injunctive relief on a claim totally unrelated to the causes of action asserted in this case.

## CONCLUSION

I therefore recommend Vick's motion for an injunction or temporary restraining order (Doc. 52) be denied. However, we note the Warden of the Cummins Unit will be contacted on Vick's behalf to determine if there is anyway arrangements can be made for Vick to be able to listen to the recorded statement.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of March 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE