IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES P. VICK                                                                                                          PLAINTIFF

v.                                              Civil No. 06-3067

C.E. "CHUCK" MEDFORD;
LT. BETH REELY; SGT.
ROB McGEE; OFFICER MARK
LOTT; OFFICER MICHAEL BROWN;
OFFICER DEBBIE DAVIS;
OFFICER DAVE HENDERSON;
OFFICER DISHEROON; DEPUTY
JOHN RAINS; DEPUTY GREG
NOFSTGER; PORTIA STINES
(formerly known as Portia Hill); LISA
ADAMS; DEBBIE PRICE; et al.                                                                                      DEFENDANTS

**ORDER**

Plaintiff has initiated this Section 1983 action pro se and *in forma pauperis*. Now before the Court are the Plaintiff's Motions to Compel (Docs 93, 94, 96, 100 and 102). Defendants have responded to the majority of Plaintiff's Motions.[1]

Plaintiff's Motion to Compel (Doc. 93) seeks to compel answers to interrogatories from Defendant Wintercorn. Plaintiff states that Defendant Wintercorn was given an extension of time by the Court for answering discovery and that deadline has passed. While the Court did grant Defendant Wintercorn an extension of time (See doc. 82), this extension was for answering the complaint, not for discovery. Plaintiff should re-propound any discovery to Defendant Wintercorn he wishes to have answered. Accordingly, Plaintiff's Motion to Compel (Doc. 93) is DENIED.

Plaintiff's next Motion to Compel (Doc. 94) seeks to compel more specific answers from Defendant

---

[1] Defendants have responded that some of Plaintiff's Motions are written by a fellow inmate, Michael Griffis. Plaintiff agrees that Mr. Griffis wrote out the Motion, but denies Mr. Griffis is representing him. The Plaintiff is reminded that prisoners can not bring claims on behalf of other prisoners. Moreover, representation by any third-party who is not a licensed attorney, is inappropriate and may subject this case to dismissal. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1995).

Suchland to discovery. Plaintiff states that Defendant Suchland referred to a supervisor on many answers to interrogatories and these answers were "evasive and incomplete." Defendant Suchland's supervisor is a named Defendant in this action, and Plaintiff may re-propound these questions to the supervisor. Defendant Suchland can not, and should not respond to questions that are beyond any personal knowledge. Accordingly, Plaintiff's Motion to Compel (Doc. 94) is DENIED.

Plaintiff filed another Motion to Compel (Doc. 96), which appears to be the same as Motion to Compel, document 93. Accordingly, it is DENIED for the same reasons.

Plaintiff's next Motion to Compel (Doc. 100) requested that Defendants be required to produce documents that were objected to and produce correct documents, such as a "phone incident report" and not a "jail incident report." Defendants state they proffered all non-priviliged items to Plaintiff. Defendants did not proffer suicide logs of other inmates due to privacy laws and other legal restraints. It appears Defendants' objections were well taken and they have produced the required documents in accordance with the Federal rules of Civil Procedure. The Motion to Compel (Doc. 100) is DENIED.

Plaintiff's final Motion to Compel (Doc. 102) requesting that Defendant Henderson be compelled to answer discovery. This Motion was filed on July 19, 2007. Defendant Henderson was not served until July 11, 2007. Thus the responses were not yet due and Plaintiff's Motion is premature. (See doc. 83) Accordingly, Plaintiff's Motion to Compel (Doc. 102) is DENIED

IT IS SO ORDERED this 3rd day of October, 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE