IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES P. VICK                                                                     PLAINTIFF

v.                              Civil No. 06-3067

C.E. "CHUCK" MEDFORD;
LT. BETH REELY; SGT.
ROB McGEE; OFFICER MARK
LOTT; OFFICER MICHAEL BROWN;
OFFICER DEBBIE DAVIS;
OFFICER DAVE HENDERSON;
OFFICER DISHEROON; DEPUTY
JOHN RAINS; DEPUTY GREG
NOFSTGER; PORTIA STINES
(formerly known as Portia Hill); LISA
ADAMS; DEBBIE PRICE; et al.                                      DEFENDANTS

**REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

      Plaintiff has initiated this Section 1983 action pro se and *in forma pauperis*.  Now before the Court is Defendant Disheroon's Motion for Judgment on the Pleadings.  (Doc. 48).  Plaintiff has alleged that Defendant Disheroon verbally threatened him and mistreated other inmates.  Disheroon states Plaintiff has failed to state a claim upon which relief can be granted.

I.  Background

      Plaintiff filed his complaint on October 23, 2006 and his addendum on November 28, 2006.  Subsequently, Plaintiff has filed several supplements to his complaint.  His allegations regarding Defendant Disheroon are that Disheroon verbally threatened to take Plaintiff behind the jail and beat him on December 29, 2003, after the Plaintiff had escaped from the jail and then returned.  Plaintiff characterizes the threat as a verbal threat on his life.  Plaintiff also states he was denied the right to have an attorney present at the time the threat was made and there was an attempt to coerce an incriminating statement, presumably by Disheroon.  Plaintiff further states he is suing Disheroon in

his official and individual capacity. Plaintiff alleges the Carroll county Sheriff's Office has a written policy to call in any available officers from within Carroll Xounty in the event of any emergency or disturbance. Plaintiff asserts it is the pattern of Disheroon showing up at the jail to frequently assist the jailers under this policy that is "a clear attempt to deprive persons of there [sic] freedoms. . .." Plaintiff also indicates that Disheroon was involved in incidents with other inmates.

II.  Legal Standard

A motion for judgment on the pleadings will be granted "only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Id.* In evaluation of the motion, the court will accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant. *Franklin High Yield Tax-Free Income Fund v. County of Martin,* 152 F.3d 736, 738 (8th Cir.1998) (citing *Lion Oil Co. v. Tosco Corp.,* 90 F.3d 268, 270 (8th Cir.1996)).

III.  Discussion

Defendant Disheroon's Motion is due to be granted. First, verbal abuse by Disheroon to Plaintiff, is not actionable under Section 1983. Verbal threats and name calling usually are not actionable under 1983. *Martin v. Sargent*, 780 F.2d 1334, 1338, 1339 (8th Cir. 1985). Although this is characterized by Plaintiff as a threat on his life, Plaintiff only indicates that Disheroon specifically threatened to beat him. Plaintiff does not indicate anything occurred beyond the mere words of Disheroon's threat. *Compare Burton v. Livingston*, 791 F.2d 97,99, 100-01 (8th Cir. 1986) (where guard brandished weapon at prisoner and terrorized him with specific threats of death, such as encouraging the prisoner to run so the guard would have provocation to shoot the prisoner).

Second, Disheroon's actions toward other inmates are irrelevant to Plaintiff's case. It is well

established that a prisoner cannot bring claims on behalf of other prisoners. *See Miner v. Brackney,* 719 F.2d 954, 956 (8th Cir. 1983) (per curiam), *cert. denied,* 467 U.S. 1259 (1984); *Carter v. Romines,* 560 F.2d 395, 395 (8th Cir. 1977) (per curiam), *cert. denied,* 436 U.S. 948 (1978). A prisoner must allege a personal loss. *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). Thus, Plaintiff does not have standing to bring these claims.

Third, Plaintiff's allegations he was denied right to counsel and Disheroon attempted to coerce a statement from him are also subject to dismissal. Plaintiff appears to be alleging there was some sort of interrogation on December 29, 2003, when he was threatened. Essentially, Plaintiff is alleging a *Miranda* violation. The "only remedy for a Miranda violation is the exclusion from evidence of any compelled testimony arising therefrom." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989). Plaintiff has not alleged any testimony was compelled from him, only that an attempt was made to do so.

Fourth, Plaintiff states he is suing Disheroon in his official capacity. Plaintiff alleges the policy of calling in an officer to assist at the jail at times of emergency is unconstitutional and deprives him of his due process rights. A policy is deliberately indifferent to a person's constitutional rights when its inadequacy is both obvious and likely to result in the alleged deprivation of constitutional rights. *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999); *see also Russell v. Hennepin County,* 420 F.3d 841, 847 -848 (8th Cir. 2005). There is nothing in the policy of the Carroll County Sheriff's Office that makes it obvious to result in a loss of constitutional rights. There is no evidence that the Sheriff's office had any notice of any alleged inadequacy in its policy or that the inadequacy of the policy was so obvious the Sheriff's Office should have known a constitutional violation would result. Thus, Plaintiff has failed to make out

a claim against Disheroon in his official capacity.

IV.  Conclusion

For the foregoing reasons, it is the recommendation of the undersigned that Defendant Disheroon's Motion for Judgment on the Pleadings (Doc. 48) be GRANTED and Defendant Disheroon be dismissed from this case.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of October, 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE